|   |   |
|---|---|
| 1 | **McGLINCHEY STAFFORD** |
|   | Jeffrey R. Seewald (SBN 320818) |
| 2 | Dhruv M. Sharma (SBN 279545) |
|   | Allison O. Chua (SBN 284680) |
| 3 | 18201 Von Karman Avenue, Suite 350 |
|   | Irvine, California 92612 |
| 4 | Telephone:  (949) 381-5900 |
|   | Facsimile:   (949) 271-4040 |
| 5 | Email:        jseewald@mcglinchey.com |
|   |                    dsharma@mcglinchey.com |
| 6 |                    achua@mcglinchey.com |
| 7 | Attorneys for *Defendant* **ZALE DELAWARE, INC.** |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GORDON HENRY LOVETTE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZALE DELAWARE, INC., and DOES 1-10, inclusive,<br><br>Defendant. | Case No **'18CV2727 L    RBB**<br>Assigned to<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446**<br><br>*[Filed concurrently with Declaration of Kambria Jarrett]*<br><br>Superior Court Case No.: 37-2018-00055549-CU-NP-CTL<br>Action Filed:   October 31, 2018<br>Trial Date:      TBD |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF GORDON HENRY LOVETTE AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that *Defendant* ZALE DELAWARE, INC. ("Defendant"), removes the above-captioned action from the Superior Court of the State of California, County of San Diego to the United States District Court, Southern District of California. This removal is based on 28 U.S.C. §§ 1332(d) (Class Action

1
**NOTICE OF REMOVAL OF ACTION**

1248541.3

Fairness Act), 1441(a), and 1446. Defendant makes the following allegations in support of its Notice of Removal:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or the value of $5,000,000, exclusive of interests and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. §1446.

2. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state officials, or other governmental entity; (3) the total amount in controversy for all putative class members exceeds $5,000,000; and; (4) there is diversity between at least one class member and Defendant.

3. CAFA's diversity requirement is satisfied when at least plaintiff is a citizen of a state in which the defendant is not a citizen. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

4. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this notice.

## II. VENUE

5. This action is filed in the San Diego County Superior Court ("Superior Court"). Accordingly, venue properly lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1441, 1446 and 1391(a).

### III. PLEADINGS, PROCESS, AND ORDERS

6.  On October 31, 2018, Plaintiff GORDON HENRY LOVETTE ("Plaintiff") filed a Class Action Complaint ("Complaint" or "Compl.") against Defendant in the Superior Court, which initiated, *Gordon Henry Lovette, individually, and on behalf of all others similarly situated v. Zale Delaware, Inc*. ("State Court Action"). The Complaint asserts causes of action for: (1) Violation of the California False Advertising Act (Cal. Bus. & Prof. Code §§ 17500, *et seq*.); Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.); and (3) Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1770, *et seq*.).

7.  On November 5, 2018, Defendant was served with the Summons, Complaint, and Civil Case Cover Sheet. True and correct copies of the foregoing documents are attached hereto as **Exhibit A**.

8.  As of the date of this notice, Defendant has not filed an answer or otherwise responded to the Complaint. Defendant is informed and believes that the Summons, Complaint and Civil Case Cover Sheet attached hereto as **Exhibit A** constitute all process, pleadings, and orders in the State Court Action

9.  The Superior Court has scheduled a Case Management Conference for April 5, 2019. A true and correct copy of the docket for the State Court Action is attached hereto as **Exhibit B**.

### IV. TIMELINESS OF REMOVAL

10. Pursuant to 28 U.S.C. §§ 1446(b), this notice has been timely filed because it is being filed within 30 days of Defendant's receipt of the Complaint and within 1 year of the commencement of the State Court Action.

### V. NOTICE OF REMOVAL TO ADVERSE PARTIES AND STATE COURT

11. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the removal of this action to all adverse parties and will file a copy of the notice with the Clerk of the Superior Court.

## VI. CAFA JURISDICTION

12. As stated above, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this notice.

### A. The Proposed Class Contains At Least 100 Members

13. 28 U.S.C. § 1332(d)(5)(B) sets forth that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." This requirement is easily met in the case at bar.

14. Plaintiff seeks to represent a class consisting of "All consumers, who, between the applicable statute of limitations and the present, purchased or attempted to purchase Class Products, and whose Class Products, namely Defendant's jewelry repair service, would not repair the jewelry even through (sic) the jewelry was inspected semi-annually." (*See* Compl., ¶ 56.)

15. The statute of limitations for a claim for Violation of the California False Advertising Act is three years. *See* Cal Civ. Proc. Code § 338(a); *County of Fresno v. Lehman*, 229 Cal.App.3d 340, 346 fn. 7 (1991); *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 534 (N.D. Cal. 2012). The statute of limitations for a claim for Violation of Unfair Competition Law is four years. *See* Cal. Bus. & Prof. Code § 17208. The statute of limitations for a claim for Violation of Consumer Legal Remedies Act ("CLRA") is three years. Cal. Civ. Code § 1783. Consequently, the putative class period is between October 31, 2014 to the present.

16. Based on a preliminary review of Defendant's records, Defendant sold 313,684 items of jewelry that qualified for the jewelry repair at issue ("Class Product") in the State of California during the putative class period of October 31, 2014 to the present. (*See* Declaration of Kambria Jarrett ("Jarrett Decl."), ¶ 5.) Thus, there are well over 100 putative class members in this case according to Plaintiff's proposed class definition.

### B. Defendant Is Not A Governmental Entity

17. Under 28 U.S.C. § 1332(d)(5)(B), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

18. Defendant is a corporation, not a state, state official or other government entity exempt from the CAFA. (*See* Jarrett Decl., ¶ 6.)

### C. There Is Diversity Between At Least One Class Member And One Defendant

19. Plaintiff is a citizen of California. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

20. Plaintiff is a resident of the County of San Diego and is a citizen of the State of California. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Lew v.*

1  *Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

21. Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in San Diego County, in the State of California. Plaintiff alleges in his Complaint that he is "citizen and resident of the State of California, County of San Diego." (*See* Compl., ¶ 5.) Defendant has thus established by a preponderance of the evidence that Plaintiff resided and was domiciled in California, and is therefore a citizen of California. *See Lew*, 797 F.2d at 751; *Dyer*, 19 F.3d at 519-20; *Smith*, 2008 U.S. Dist. LEXIS 21162, at *22.

22. **Defendant is Not a Citizen of California**. For purposes of 28 U.S.C. section 1332, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Defendant is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 9797 Rombauer Road, Dallas, Texas 75019. (*See* Jarrett Decl., ¶ 6; Compl., ¶ 21.) Consequently, Defendant is a citizen of Delaware and Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business[.]").

23. No other party has been named or served as of the date of this removal. Defendants "Does 1 through 10" are fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any specific, charging allegation against any fictitious defendants. Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded

for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

24.   This action satisfies diversity requirements because Plaintiff is a citizen of the State of California and Defendant is a citizen of the States of Delaware and Texas. Therefore, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied along with the less strict diversity requirements under CAFA. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### D.   The Amount In Controversy Exceeds $5,000,000

25.   Although Plaintiff does not specify the exact amount of damages being sought, the allegations in the Complaint demonstrate that the amount sought easily exceeds $5,000,000 in the aggregate, exclusive of interest and costs.

26.   "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Id.* at 397. A party may make this showing with an "affidavit to show that the potential damages could exceed the jurisdictional amount." *Id.*

27.   Plaintiff, on behalf of himself and the putative class members, seeks "[a]ctual damages … or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period." (*See* Compl., Prayer for Relief, ¶ 103.e.)  As explained above, the class period is between October 31, 2014 to the present. During that time period, Defendant's records show that it sold over 313,684 items of jewelry that qualified for the Class Product in the State of California. (*See* Jarrett Decl., ¶ 5.) With respect to Plaintiff's CLRA claims, a minimum damages award of $1,000 per violation is

allowed. *See* Cal. Civ. Code §1780(a)(1). If Plaintiff prevails on his claims, this minimum award could be applied to each sale or transaction that constitutes deceptive advertising or unfair competition. *See* Cal. Civ. Code §1761(e). As applied to Defendant, who has sold over 313,684 items of jewelry that qualified for the Class Product, this calculation of potential damages would easily surpass the $5,000,000 threshold.

28. Thus, based on the size of the putative class, as well as the fees that Plaintiff seeks to recover, the amount in controversy is well in excess of $5,000,000, exclusive of fees and interest.

29. Plaintiff also seeks, for all putative class members, punitive damages and attorneys' fees. (*See* Compl., Prayer for Relief, ¶¶ 103.f.-g.) Punitive damages and attorneys' fees are recoverable for a claim for Violation of Consumer Legal Remedies Act. *See* Cal. Civ. Code § 1780(a)(4), (e). Consequently, these amounts should be aggregated to determine the jurisdictional amount in controversy requirement. *See Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

30. Accordingly, Plaintiff's class-wide request for damages and restitution appears to meet the jurisdictional minimum, although Defendant expressly denies that Plaintiff is entitled to any such relief on behalf of himself or any class.

///

///

## VII. CONCLUSION

31. Defendant has established by a preponderance of the evidence that the putative class exceeds 100 persons, that the dispute is between citizens of different states, and that the amount in controversy for this class action exceeds the $5 million minimum for federal jurisdiction. For this reason and the others discussed above, removal of this action is appropriate under 28 U.S.C. §1332(d).

DATED: December 3, 2018         **McGLINCHEY STAFFORD**

By: */s/ Dhruv M. Sharma*
JEFFREY R. SEEWALD
DHRUV M. SHARMA
ALLISON O. CHUA
Attorneys for *Defendant* **ZALE DELAWARE, INC.**