# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ZALE DELAWARE, INC., and DOES 1 – 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GORDON HENRY LOVETTE, individually, and on behalf of all others similarly situated,

---

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/31/2018** at 05:53:22 PM

Clerk of the Superior Court
By Rhonda Babers,Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* The Hall of Justice

330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2018-00055549-CU-NP-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE: 11/02/2018 | Clerk, by | R. Babers | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Zale Delaware, Inc.

under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff, and all others similarly situated*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/31/2018** at 05:53:22 PM

Clerk of the Superior Court
By Rhonda Babers,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN DIEGO
## UNLIMITED JURISDICTION

GORDON HENRY LOVETTE,
individually, and on behalf of all others
similarly situated,

            Plaintiff,

    vs.

ZALE DELAWARE, INC., and DOES 1 –
10, inclusive,

            Defendant.

Case No. 37-2018-00055549-CU-NP-CTL

**CLASS ACTION COMPLAINT**

(1)  Violation of the California False
Advertising Act (Cal. Business &
Professions Code §§ 17500 *et seq.*); and
(2)  Violation of Unfair Competition Law
(Cal. Business & Professions Code
§§ 17200 *et seq.*)
(3)  Violation of the Consumer Legal
Remedies Act.

**Jury Trial Demanded**

1         Plaintiff GORDON HENRY LOVETTE ("Plaintiff"), individually and on behalf of all

2 other members of the public similarly situated, allege as follows:

<b>NATURE OF THE ACTION</b>

4       1.    Plaintiff brings this class action Complaint against Defendant ZALE

5 DELAWARE, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely

6 advertising its jewelry repair service and to obtain redress for a California class of consumers

7 ("Class Members") who changed position, within the applicable statute of limitations period, as

8 a result of Defendant's false and misleading advertisements.

9       2.    Defendant is a corporation with principal place of business in OH and state of

10 incorporation in Delaware and is engaged in the sale and distribution of jewelry.

11       3.    Defendant represents that its jewelry repair service would repair or replace

12 jewelry if consumers abided by the terms of the service when this is in fact false. Defendant

13 misrepresented and falsely advertised to Plaintiff and others similarly situated consumers their

14 jewelry repair services (hereinafter "Class Products").

15       4.    Plaintiff and others similarly situated purchased or attempt to purchase

16 Defendant's jewelry repair service, and they did so on the basis that Defendant said that of

17 Plaintiff and other similarly situated continued to bring in their jewelry for a semi-annual

18 inspection, it would repair or replace any item if the jewelry becomes damaged.

19       5.    Defendant's misrepresentations to Plaintiff and others similarly situated caused

20 them to purchase or attempt Defendant's jewelry service, which Plaintiff and others similarly

21 situated would not have purchased or attempted to purchase absent these misrepresentations by

22 Defendant and its employees. In so doing, Defendant has violated California consumer

23 protection statutes, including the Unfair Competition Law, False Advertising Law, and the

24 Consumer Legal Remedies Act.

<b>NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT</b>

26       6.    Consumers purchase jewelry repair services advertised to be of a certain nature

27 and quality, and in the case at bar, they did so under the impression that Defendant would repair

28

1    or replace damaged jewelry if consumers abided by the terms, wherein they had the jewelry

2    inspected semi-annually by Defendant.

3        7.      Consumers rely on the representations and advertisements of jewelry repair

4    service providers in order to know which repair service to purchase. Details as to the nature and

5    quality of the jewelry repair service, such as whether Defendant would repair or replace the

6    jewelry when consumers abide by the terms of the service, in that they have Defendant inspect

7    the jewelry semi-annually, are important and material to consumers at the time they purchase

8    jewelry repairs services from a particular vendor, as consumers are sensitive to the nature and

9    quality of the jewelry repair services they purchase, compared to what they could purchase from

10    a competing vendor.

11        8.      Defendant is engaged in the marketing and selling of jewelry repair services that

12    do not conduct repairs even if consumers cooperate with the terms of the service agreement,

13    and the true nature and quality of the jewelry repair services that Defendant sells is neither

14    disclosed to consumers nor discoverable by the same at the time of purchase.

15        9.      When consumers purchase jewelry repair services from jewelry repair vendors,

16    they reasonably believe that they will receive services that is of the nature and quality that was

17    advertised and disclosed at the time they agree to purchase said services.

18        10.     Defendant profits from the sale of the jewelry repair services. Many consumers

19    would not have purchased or attempted to purchase the jewelry repair services where Defendant

20    would not repair their jewelry, even though consumers completed the mandatory bi-annual

21    inspection, or they would have purchased jewelry repair services from a competitor.

22        11.     In Plaintiff's case, Defendant refused to repair Plaintiff's jewelry, even though

23    Plaintiff complied with the terms of the repair agreement, specifically Plaintiff submitted the

24    jewelry to Defendant for a semi-annual inspection, than what was originally advertised to

25    Plaintiff at the time he agreed to purchase jewelry repair services.

26        12.     Defendant conceals the fact that its repair services is not going to be of the nature

27    and quality advertised in order to deceive consumers into purchasing jewelry repair services

28

1    that is different from that which is advertised.

2        13.    Defendant does not present consumers with a written copy of the correct terms

3    of the purchase prior to purchase, in order to conceal the deception that is at issue in this case.

4        14.    Defendant makes written and oral representations to consumers which contradict

5    the actual nature and quality of the services that will be delivered to the consumer after the

6    consumer purchases the services.

7        15.    The aforementioned written and oral representations are objectively false, and

8    constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 et. seq. an unlawful, unfair,

9    or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq., and further

10   constitute a violation of Cal. Civ. Code §§ 1750 *et. seq.*

11       16.    Defendant's violations of the law include without limitation the false advertising,

12   marketing, representations, and sale of the falsely advertised Class Products to consumers in

13   California.

14       17.    On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease

15   advertising and selling the Class Products in a manner that is deceptive, to disclose the true

16   nature and quality of its services in a conspicuous manner at or prior to the point of sale, and an

17   award of damages to the Class Members, together with costs and reasonable attorneys' fees.

18                              **JURISDICTION AND VENUE**

19       18.    This class action is brought pursuant to California Code of Civil Procedure § 382.

20   All claims in this matter arise exclusively under California law. This Court has personal

21   jurisdiction over Defendant ZALE DELAWARE, INC. because they conduct business and

22   maintain retail locations to provide their jewelry repair services within this State.

23       19.    This matter is properly brought in the Superior Court of the State of California

24   for the County of San Diego, in that Plaintiff purchased the jewelry repair services from San

25   Diego County, and Defendant provided the products to Plaintiff in that location.

26                                    **THE PARTIES**

27       20.    Plaintiff GORDON HENRY LOVETTE is a citizen and resident of the State of

28

1   California, County of San Diego.

2       21.   Defendant ZALE DELAWARE, INC. is a Delaware corporation and

3   headquartered in Ohio.

4       22.   Plaintiff is informed and believes, and thereon alleges, that each and all of the

5   acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its

6   employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other,

7   with legal authority to act on the other's behalf.   The acts of any and all of Defendant's

8   employees, agents, and/or third parties acting on its behalf, were in accordance with, and

9   represent, the official policy of Defendant.

10      23.   The above named Defendant, and its subsidiaries and agents, are collectively

11  referred to as "Defendants."   The true names and capacities of the Defendants sued herein as

12  DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore

13  sues such Defendants by fictitious names.   Each of the Defendants designated herein as a DOE

14  is legally responsible for the unlawful acts alleged herein.   Plaintiff will seek leave of Court to

15  amend the Complaint to reflect the true names and capacities of the DOE Defendants when such

16  identities become known.

17      24.   Plaintiff is informed and believes, and thereon alleges, that said Defendant is in

18  some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

19  occurrences, and transactions of each and all its employees, agents, and/or third parties acting

20  on its behalf, in proximately causing the damages herein alleged.

21      25.   At all relevant times, Defendant ratified each and every act or omission

22  complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions

23  as alleged herein.

24                          **PLAINTIFF'S FACTS**

25      26.   In or around July of 2008, Plaintiff purchased jewelry repair services in

26  conjunction with a diamond ring ("Ring"). Defendant represented that they would repair the

27  Ring, so long as Plaintiff brought the Ring to Defendant for semi-annual inspections.

28

27.   In reliance on these representations, Plaintiff purchased Defendant's jewelry repair service along with the purchase of the Ring.

28.   From on or about July 2008 to the present, Plaintiff abided by the terms of the repair services, wherein Plaintiff brought the Ring to Defendant for inspection semi-annually.

29.   In or around February of 2018, the diamonds on Plaintiff's Ring became loose and were in danger of falling off.

30.   Plaintiff took the Ring for repairs to Defendant and asserted that Defendant must repair the Ring under the jewelry repair service he purchased in July 2008.

31.   Defendant refused to repair the Ring. Defendant stated that it would not repair the Ring unless the diamond fell off the band. Defendant stated that the jewelry repair service does not include repairs for stabilizing loose diamonds on their jewelry products.

32.   As a result of Defendant's refusal to repair the Ring, Plaintiff has experience economic loss due to the payment of valuable consideration for the jewelry repair service that he did not receive.

33.   Had Plaintiff known that Defendant's jewelry repair service would not repair his Ring, even though he complied with all the requirements under the terms of the repair agreement, Plaintiff would not have purchased Defendant's jewelry repair service.

34.   Furthermore, Plaintiff did not discover, nor could he have discovered, the true nature and quality of the jewelry repair service until after Plaintiff had purchased the jewelry repair service.

35.   In fact, Defendant would not repair Plaintiff's Ring, even though he complied with the terms of the repair service, wherein Plaintiff brought the Ring to Defendant for inspection semi-annually.

36.   For the jewelry repair service, Plaintiff paid more than valuable consideration. Plaintiff relied on the fact that the jewelry repairs services was being advertised as being of a particular nature and quality, namely that if Plaintiff complied with the terms of the jewelry repair service, then Defendant would repair his purchased jewelry when needed, at the time of

his purchase. Plaintiff was never informed, in writing, orally, or in any conspicuous manner, that he would purchase a jewelry repair service where Defendant would not repair his purchased jewelry when needed.

37.   When purchasing Defendant's jewelry repair service, Defendant informed Plaintiff that he would be guaranteed repair service if he would comply with the regularly required inspections. Plaintiff relied on Defendant's statements about the nature and quality of the jewelry repair service in deciding to purchase said services from Defendant over other competitors. Plaintiff felt assured by Defendant that the jewelry repair service would be as represented by Defendant, namely that if Plaintiff completed the regular inspections, then Defendant would repair his jewelry as needed. Plaintiff would not have agreed to purchase Defendant's jewelry repair service if he had known that Defendant would deliver jewelry repair services of a nature and quality other than what Defendant represented.

38.   Defendant never informed Plaintiff that they would not repair his jewelry even though Plaintiff complied with the semi-annual jewelry inspections, nor did Plaintiff provide his consent to receive such a service.

39.   Knowledge of the true nature and quality of Defendant's jewelry repair service would have impacted Plaintiff's decision to purchase said services from Defendant over other brands or sellers of jewelry repair services. Plaintiff would have found it important to his purchase decision to know exactly what he was purchasing, and he believed that he was purchasing jewelry repair services where if Plaintiff complied with the terms and conditions, Defendant would repair his jewelry.

40.   Plaintiff felt ripped off and cheated by Defendant for receiving jewelry repair services that was different in nature and quality that that which Defendant represented. Plaintiff believes that Defendant will continue its action of duping consumers into purchasing jewelry repair services that deviates significantly from Defendant's representations, namely in the form of telling consumers that if they complied with the terms and conditions of the services, Defendant would repair their jewelry, when it in fact is not, unless Defendant's practices are

1    halted by way of an injunction.

2      41.    As a result of Defendant's fraudulent practices, described herein, Plaintiff has

3    suffered emotional distress, wasted time, loss of money, and anxiety.

4      42.    Plaintiff alleges on information and belief that it is Defendant's policy and

5    practice to misrepresent the true nature and quality of its jewelry repair services. Plaintiff

6    asserts that this practice constitutes a fraudulent omission of a material fact relating to the nature

7    and quality of its products that would be important to a reasonable consumer to know at the

8    time they purchase Defendant's jewelry repair services.

9      43.    Plaintiff alleges on information and belief that Defendant's policy and practice

10    is to materially misrepresent the nature and quality of its jewelry repair service, through said

11    fraudulent omissions and misrepresentations, to induce consumers to reasonably rely on the said

12    misrepresentations, in order to induce their purchase of jewelry repair service from Defendant

13    over law abiding competitors.

14      44.    Defendant has a duty to disclose the true nature and quality of its jewelry repair

15    service, including whether its Defendant will not repair the jewelry even though Plaintiff

16    complied with regular inspections, to consumers prior to the time they agree to purchase the

17    jewelry repair service from Defendant. Defendant has a duty to disclose these material features

18    of their products because such features would be highly important to a reasonable consumer.

19      45.    Such sales tactics rely on falsities and have a tendency to mislead and deceive a

20    reasonable consumer.

21      46.    Defendant expressly represented to Plaintiff, through written statements, the true

22    nature and quality of its products.

23      47.    Plaintiff alleges that such representations were part of a common scheme to

24    mislead consumers and incentivize them to purchase Defendant's jewelry repair service.

25      48.    In purchasing the Class Products, Plaintiff relied upon Defendant's

26    representations.

27      49.    Such representations were clearly false because the true nature and quality of the

28

1  jewelry repair service was different than represented.

2      50.    Plaintiff would not have purchased the products if he knew that the above-

3  referenced statements made by Defendant were false.

4      51.    Had Defendant properly marketed, advertised, and represented the Class

5  Products, Plaintiff would not have purchased the products.

6      52.    Plaintiff agreed to give his money, attention, and time to Defendant because of

7  the nature and quality of the jewelry repair service that was advertised. Defendant benefited

8  from falsely advertising the nature and quality of its jewelry repair service. Defendant benefited

9  on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

10      53.    Had Defendant properly marketed, advertised, and represented the Class

11  Products, no reasonable consumer who purchased or attempted to purchase the jewelry repair

12  service would have believed that Defendant would repair the jewelry after consumer complete

13  the required inspections.

14      54.    Defendant's acts and omissions were intentional, and resulted from Defendant's

15  desire to mislead consumers into purchasing jewelry repair service that will not repair jewelry,

16  even though Plaintiff and consumers comply with the required inspections.

17  **CLASS ACTION ALLEGATIONS**

18      55.    Plaintiff brings this action, on behalf of himself and all others similarly situated,

19  and thus, seeks class certification under California Code of Civil Procedure § 382.

20      56.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

21          All consumers, who, between the applicable statute of limitations
        and the present, purchased or attempted to purchase Class

22          Products, and whose Class Products, namely Defendant's jewelry
        repair service, would not repair the jewelry even through the

23          jewelry was inspected semi-annually.

24

25      57.    As used herein, the term "Class Members" shall mean and refer to the members

of the Class described above.

26

27      58.    Excluded from the Class is Defendant, its affiliates, employees, agents, and

attorneys, and the Court.

28

59.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

60.     Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

61.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

62.     Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

63.     There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

      (a)     Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

      (b)     Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

      (c)     Whether Defendant profited from the sale of the wrongly advertised jewelry repair service;

      (d)     Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and Cal. Civ. C. §1750 *et seq.*;

      (e)     Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

      (f)     Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

      (g)     The method of calculation and extent of damages for Plaintiff and Class Members.

64.     Plaintiff is a member of the Class he seeks to represent

65.   The claims of Plaintiff are not only typical of all Class members, they are identical.

66.   All claims of Plaintiff and the Class are based on the exact same legal theories.

67.   Plaintiff has no interest antagonistic to, or in conflict with, the Class.

68.   Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

69.   Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

70.   Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

71.   Plaintiff incorporates by reference each allegation set forth above as fully set forth herein.

72.   Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

73.   California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

74.   Defendant misled consumers by making misrepresentations and untrue

statements about the Class Products, namely, Defendant sold a jewelry repair service that was of a nature and quality different than advertised, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

75.    Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

76.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property, time, and attention. Plaintiff reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Class Products. In turn Plaintiff and other Class Members ended up with products that were different in ways that put them in danger, and therefore Plaintiff and other Class Members have suffered injury in fact.

77.    Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

78.    Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products would be of a particular nature and quality.

79.    Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members.

80.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiff and

1   all Class Members Defendant's revenues associated with their false advertising, or such portion

2   of those revenues as the Court may find equitable.

### SECOND CAUSE OF ACTION

#### Violation of Unfair Business Practices Act

#### (Cal. Bus. & Prof. Code §§ 17200 et seq.)

6   81.   Plaintiff incorporates by reference each allegation set forth above as fully set

7   forth herein.

8   82.   Actions for relief under the unfair competition law may be based on any business

9   act or practice that is within the broad definition of the UCL. Such violations of the UCL occur

10   as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required

11   to provide evidence of a causal connection between a defendants' business practices and the

12   alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause

13   substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct

14   created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of

15   unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

17   83.   California Business & Professions Code § 17200 prohibits any "unfair . . .

18   business act or practice." Defendant's acts, omissions, misrepresentations, and practices as

19   alleged herein also constitute "unfair" business acts and practices within the meaning of the

20   UCL in that its conduct is substantially injurious to consumers, offends public policy, and is

21   immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any

22   alleged benefits attributable to such conduct. There were reasonably available alternatives to

23   further Defendant's legitimate business interests, other than the conduct described herein.

24   Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts

25   or practices. Such conduct is ongoing and continues to this date.

26   84.   In order to satisfy the "unfair" prong of the UCL, a consumer must show that the

27   injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or

28

1   competition; and (3) is not one that consumers themselves could reasonably have avoided.

2       85.    Here, Defendant's conduct has caused and continues to cause substantial injury

3   to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury

4   in fact due to Defendant's decision to sell them falsely described Class Products. Thus,

5   Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

6       86.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant

7   while providing no benefit of any kind to any consumer. Such deception utilized by Defendant

8   convinced Plaintiff and members of the Class that the Class Products were a certain nature and

9   quality in order to induce them to spend money on said Class Products. In fact, knowing that

10  Class Products were not of this nature and quality, Defendant unfairly profited from their sale.

11  Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any

12  countervailing benefits to consumers.

13      87.    Finally, the injury suffered by Plaintiff and members of the Class is not an injury

14  that these consumers could reasonably have avoided. After Defendant falsely represented the

15  Class Products, Plaintiff and class members suffered injury in fact due to Defendant's sale of

16  Class Products to them.  Defendant failed to take reasonable steps to inform Plaintiff and class

17  members that the Class Products were not advertised as having the nature and quality that they

18  in fact have. As such, Defendant took advantage of Defendant's position of perceived power in

19  order to deceive Plaintiff and the Class members to purchase a jewelry repair service where

20  Defendant would not repair the jewelry even though Plaintiff complied with the required

21  inspections. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury

22  which these consumers could reasonably have avoided.

23      88.    Thus, Defendant's conduct has violated the "unfair" prong of California Business

24  & Professions Code § 17200.

25                            **FRAUDULENT**

26      89.    California Business & Professions Code § 17200 prohibits any "fraudulent ...

27  business act or practice."   In order to prevail under the "fraudulent" prong of the UCL, a

28

1  consumer must allege that the fraudulent business practice was likely to deceive members of

2  the public.

3      90.     The test for "fraud" as contemplated by California Business and Professions

4  Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a §

5  17200 violation can be established even if no one was actually deceived, relied upon the

6  fraudulent practice, or sustained any damage.

7      91.     Here, not only were Plaintiff and the Class members likely to be deceived, but

8  these consumers were actually deceived by Defendant. Such deception is evidenced by the fact

9  that Plaintiff agreed to purchase Class Products under the basic assumption that Defendant

10  would repair the jewelry if Plaintiff would comply with semi-annual inspections, when in fact

11  they would not, rather, they refused to repair Plaintiff's jewelry, even though he complied with

12  the semi-annual inspections. Plaintiff's reliance upon Defendant's deceptive statements is

13  reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same

14  reason, it is likely that Defendant's fraudulent business practice would deceive other members

15  of the public.

16      92.     As explained above, Defendant deceived Plaintiff and other Class Members by

17  representing the Class Products as being a certain nature and quality when in reality they were

18  a significantly different, and thus falsely represented the Class Products.

19      93.     Thus, Defendant's conduct has violated the "fraudulent" prong of California

20  Business & Professions Code § 17200.

21                          **UNLAWFUL**

22      94.     California Business and Professions Code Section 17200, et seq. prohibits "any

23  unlawful…business act or practice."

24      95.     As explained above, Defendant deceived Plaintiff and other Class Members by

25  representing the Class Products as being of a nature and quality different from what they actually

26  were.

27      96.     Defendant used false advertising, marketing, and misrepresentations to induce

28

1  Plaintiff and Class Members to purchase the Class Products, in violation of California Business

2  and Professions Code Section 17500, et seq.. Had Defendant not falsely advertised, marketed,

3  or misrepresented the Class Products, Plaintiff and Class Members would not have purchased

4  the Class Products. Defendant's conduct therefore caused and continues to cause economic

5  harm to Plaintiff and Class Members.

6         97.     This practice of making these representations by Defendant is therefore an

7  "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

8         98.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts

9  entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set

10  forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code

11  section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately

12  cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant

13  to correct its actions.

14                      **THIRD CAUSE OF ACTION**

15              **Violation of Consumer Legal Remedies Act**

16                 **(Cal. Civ. Code §§ 1770 et seq.)**

17         99.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth

18  at length herein.

19         100.    Defendant's actions as detailed above constitute a violation of the Consumer

20  Legal Remedies Act, Cal. Civ. §1770 to the extent that Defendant violated the following

21  provisions of the CLRA:

22           a.  Passing off goods or services as those of another; Cal. Civ. Code § 1770(1);

23           b.  Representing that goods or services are of a particular standard, quality, or

24               grade, or that goods are of a particular style or model, if they are of another;

25               Cal. Civ. Code § 1770(7);

26           c.  Advertising goods or services with intent not to sell them as advertised; Cal.

27               Civ. Code §1770(9);

28

d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and

e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal. Civ. Code §1770(16).

101.  On or about September 20, 2018, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of their violations of the CLRA (attached hereto as EXHIBIT A), and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that it must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant. Defendant has not replied to this correspondence in a satisfactory manner, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## MISCELLANEOUS

102.  Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## PRAYER FOR RELIEF

103.  Plaintiff, on behalf of herself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring ZALE DELAWARE, INC., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring ZALE DELAWARE, INC. to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable or

1    full restitution of all funds acquired from Plaintiff and Class Members
2    from the sale of misbranded Class Products during the relevant class
3    period;

4    (f)    Punitive damages, as allowable, in an amount determined by the Court or
5          jury;

6    (g)    All reasonable and necessary attorneys' fees and costs provided by
7          statute, common law or the Court's inherent power;

8    (h)    Pre- and post-judgment interest; and

9    (i)    All other relief, general or special, legal and equitable, to which Plaintiff
10          and Class Members may be justly entitled as deemed by the Court.

**REQUEST FOR JURY TRIAL**

12    104.   Plaintiff requests a trial by jury as to all claims so triable.

Dated: October 31, 2018          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: _____

TODD M. FRIEDMAN, ESQ.

Attorney for Plaintiff GORDON LOVETTE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit A

CLASS ACTION COMPLAINT

# LAW OFFICES OF TODD M. FRIEDMAN, P.C.

**ATTORNEYS FOR CONSUMERS**
21550 OXNARD ST., STE 780
WOODLAND HILLS, CA 91367
877-206-4741 TOLL FREE
866-633-0228 FACSIMILE
CALIFORNIA OFFICE
WWW.TODDFLAW.COM

WRITER LICENSED IN:
CALIFORNIA
PENNSYLVANIA
ILLINOIS

E-MAIL: TFRIEDMAN@TODDFLAW.COM

September 20, 2018

<u>Via Certified U.S. Mail</u>
Zale Delaware, Inc.
375 Ghent Road
Akron OH 44333

Zale Delaware, Inc.
c/o C T Corporation System
818 West 7th Street, Suite 930
Los Angeles, CA 90017

<u>Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152 and
Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§1782(a)(2)</u>

Re: *Gordon Lovette v. Zale Delaware, Inc.*

To Whom It May Concern:

Please be advised that our office represents Gordon Lovette ("Plaintiff"), in pursuing class action wide legal claims against Zale Delaware, Inc. ("Defendant"), for violations of the Consumer Legal Remedies Act ("CLRA"), California Business, Professions Code §17200 ("UCL") and California Business and Professions Code §17500 ("FAL").

Having been formally notified of our representation, we respectfully demand you not contact our clients for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

1

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

## Facts

In or around July 2008, Plaintiff purchased a diamond ring (hereinafter, the "Ring") from Defendant. Along with the purchase of the Ring, Plaintiff purchased a lifetime warranty for the Ring, wherein Defendant represented that so long as Plaintiff brought the Ring for twice a year, for a semi-annual inspection, Defendant would replace or repair the Ring if the Ring needs to be repaired or replaced. Since July 2008, Plaintiff has continued to bring the Ring for inspection and cleaning to Defendant on a semi-annual basis. In or around February 2018, Plaintiff brought the Ring to Defendant because the diamond is loose and in danger of falling off. However, Defendant refused to repair the Ring. Defendant represented they cannot repair the ring unless the diamond falls off or Plaintiff may sell it to them at a reduced price.

The aforementioned representations were false, misleading, and outright deceptive. Defendant's service does not meet the standards for which Defendant represented. Defendant's representations about the types of services provided and its quality are material to Plaintiffs' decision to transact with Defendant. That is, had Plaintiff known that Defendant would not repair his Ring, even though Plaintiff complied with Defendant's terms of upkeep, as represented to Plaintiff at the onset of transacting, Plaintiff would not have transacted with Defendant. Furthermore, Plaintiffs had no reasonable opportunity to uncover such deception prior to transacting with Defendant.

Plaintiffs have been harmed as an actual and proximate result of Defendant's deception, and they therefore request recompense as stated in this letter.

## CLRA *(Cal. Civ. Code* §1750 et seq.) Violations

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Passing off goods or services as those of another *Cal. Civ. Code* §1770(1)

2. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. *Cal. Civ. Code* §1770(7)

3. Advertising goods or services with intent not to sell them as advertised- *Cal. Civ. Code* §1770(9);

4. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; - *Cal. Civ. Code* §1770(14);

5. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. *Cal. Civ. Code* §1770(16)

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages, civil penalties, and reasonably attorney's fees and costs. *Cal. Civ. Code* §§1780, *et seq.* .

By engaging in the conduct detailed above, Defendant violated Sections §1770(1), (7), (9), (14), and (16) of the CLRA, thereby entitling Plaintiff and similarly situated class members to attorney's fees and costs, and actual and punitive damages.

## Unfair Competition Law (*Cal. Bus. Prof. Code* §17200)

The Unfair Competition Law, Cal. Bus. Prof. C. §17200 prohibits unlawful, unfair or fraudulent business acts or practices. Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof. Code* §4381(b)-(c).

Defendant engaged in fraudulent, unfair and unlawful business practices through its conduct and violated the UCL. Defendant made representations to Plaintiffs that the solar panels installed would be enough wattage for their home and would save them money when in fact it had no intention of doing so, and this amounts to fraudulent and unfair business practices. Further, as noted above, Defendant violated the CLRA, thus engaging in unlawful business practices. Defendant's conduct, as detailed above, violates numerous provisions of the CLRA; consequently, said conduct constitutes unlawful business practices. Defendant's conduct entitles Plaintiffs to restitution and injunctive relief.

## False Advertising Law (*Cal. Bus. Prof. Code* §17500)

The False Advertising Law, Cal. Bus. Prof. C. §17500 prohibits engaging in advertising "which is untrue or misleading, and which is known, or which by exercise of reasonable care should be known, to be untrue or misleading." Further, any person may bring an action to enjoy or restrain any violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof. Code* §4381(b)-(c).

Defendant engaged in untrue and misleading advertising that violated the FAL. Defendant made and advertised misrepresentations as to the pricing of its services that it had no intention of honoring. Defendant's conduct entitles Plaintiffs to restitution and injunctive relief.

## Class Potential

At this stage, Defendant's fraudulent and deceptive business practices have impacted thousands of consumers throughout the nation. Thus, we anticipate a nation-wide class of thousands of consumers whom Gordon Lovette will more than adequately represent the conduct detailed above is systematic in nature. Thus, certifying a class will be very straightforward. Upon certifying a class, we will seek not only actual damages, but punitive damages and statutory

3

damages, in addition to attorney's fees and costs. Defendant is facing seven-figure liability, at the very least.

## Demand

Ultimately, I am sure you can appreciate the need to address this issue with my clients and the need to avoid unnecessary litigation. My clients, too, appreciates the hardships of protracted litigation. Therefore, we are willing today to settle this matter outside litigation, if you contact our office immediately upon receipt of this letter.

If you chose to ignore this letter seeking settlement, then we will have no choice but to pursue my client's CLRA claims in a court of law. Please be advised that if such circumstances should arise, my demand shall be deemed withdrawn upon the filing of our complaint. Again, we hope that this can be avoided.

Best regards,

Todd M. Friedman, Esq.
Attorney at Law

4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741    FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, GORDON HENRY LOVETTE | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**10/31/2018** at 05:53:22 PM<br>Clerk of the Superior Court<br>By Rhonda Babers, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: The Hall of Justice

CASE NAME:
Gordon Henry Lovette v. Zale Delaware, Inc., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>37-2018-00055549-CU-NP-CTL |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount           (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge John S. Meyer<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☑ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 31, 2018

Todd M. Friedman
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**