UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON HENRY LOVETTE,<br><br>Plaintiff,<br><br>v.<br><br>ZALE DELAWARE, INC.<br><br>Defendants. | Case No.: 3:18-cv-02727-L-RBB<br><br>**CLASS ACTION**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR STRIKE CLASS ALLEGATIONS** |

In this putative consumer class action alleging false advertising through a deceptive warranty agreement, Defendant filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, strike class action allegations under Rules 12(f) and 23. Plaintiff opposed, and Defendant replied. The Court decides this matter on the briefs without oral argument. *See* Civ. L. R. 7.1.d.1. For the reasons stated below, Defendant's motion is denied.

**I.     BACKGROUND**

According to the First Amended Complaint, Plaintiff purchased a diamond ring from Defendant. (First Am. Compl. (doc. no. 5 ("FAC")) ¶ 26.) Defendant represented that the ring came with a Zales Lifetime Diamond Commitment ("the Warranty") for repair and replacement of the diamond, so long as Plaintiff brought the ring to Defendant

/ / / / /

1

for semi-annual inspections. (*Id.* ¶¶ 26, 37.) Plaintiff purchased the ring in reliance on these representations. (*Id.* ¶¶ 27, 48.)

For nine and a half years, Plaintiff took the ring to Defendant for semi-annual inspections. (*Id.* ¶¶ 28-29.) At his last semi-annual inspection, Plaintiff requested a free repair under the Warranty because the setting became loose. (*Id.* ¶¶ 29-30.) Defendant refused, responding that loose settings were only covered under an extended warranty plan. (*Id.* ¶ 30.) Furthermore, Defendant stated that, "unless [Plaintiff] immediately paid to have the setting corrected[, it] was voiding [Plaintiff's Warranty] because the diamond was loose in its setting." (*Id.*) Finally, Defendant refused to "sign off on [Plaintiff's] bi-annual inspection . . . because his diamond was loose in its setting." (*Id.*)

That the Warranty would become void when the setting became loose was not disclosed to Plaintiff until after the purchase. (*Id.* ¶¶ 34, 36, 38.) Plaintiff claims it was Defendant's policy and practice to misrepresent the terms of the Warranty by omitting material terms at the time of purchase in order to induce consumers to purchase jewelry from Defendant. (*Id.* ¶¶ 43, 44, 47, 11, 12.) "Defendant does not present consumers with a written copy of the correct terms . . . prior to purchase[, and] makes written and oral representations to consumers which contradict the actual nature and quality of the services that will be delivered to the consumer after the consumer purchases the services." (*Id.* ¶¶ 13, 14.)

Plaintiff alleges that he would not have purchased the ring from Defendant, had he known that, even after he had complied with the terms of the Warranty, the Warranty would be voided if the setting became loose. (FAC ¶¶ 33, 39, 50.) He claims that he paid a higher price for the ring because of the Warranty, and that the Warranty was the deciding factor to purchase the ring from Defendant as opposed to one of its competitors. (*Id.* ¶¶ 36, 37, 39; *see also id.* ¶ 10.)

In the operative complaint, Plaintiff alleges violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"), California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq*. ("FAL"), and California

Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* (CLRA). He seeks damages, restitution and injunctive relief on his own behalf and on behalf of all California consumers who purchased jewelry covered by the Warranty within the statute of limitations period.

Plaintiff filed this action in State court, which Defendant removed. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. Pending before the Court is Defendant's motion to dismiss the amended complaint for failure to state a claim or, alternatively, strike class action allegations.

## II. DISCUSSION

### A. Motion to Dismiss Amended Complaint

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

#### 1. Sufficiency of the Allegations

Defendant argues that Plaintiff has not sufficiently alleged a UCL, FAL or CLRA violation because the Warranty clearly states that failure to make necessary repairs voids the Warranty. The Court disagrees.

Defendant does not dispute[1] that the false advertising standard under the UCL, FAL and CLRA is the same. *Chapman v. Skype, Inc.,* 220 Cal. App. 4th 217, 230 (2013); *see also Williams v. Gerber Prods Co.,* 552 F.3d 934, 938 (9th Cir. 2008) (as am. Dec. 22, 2008) (applying Cal. law). It is only necessary to demonstrate that consumers "are likely to be deceived." *Tobacco II Cases*, 46 Cal.4th 298, 312 (2009) (internal quotation marks, brackets, ellipsis and citation omitted).

To determine this, the Court considers whether the advertising would mislead a reasonable consumer "who is neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated, but instead is" an ordinary consumer acting reasonably under the circumstances. *Chapman*, 220 Cal. App. 4th at 226; *see also Davis v. HSBC*, 691 F.3d 1152, 1162 (9th Cir. 2012) (applying Cal. law). "[M]ore than a mere possibility that the advertisement might conceivably be misunderstood by" a few consumers is required. *Chapman*, 220 Cal. App. 4th at 226. "Rather, the phrase indicates that the ad is such that it is probable that a significant portion" of consumers, acting reasonably in the situation, might be misled. *Id*. "[T]he primary evidence . . . is the advertisement itself." *Williams,* 552 F.3d at 938.

A false advertising claim may be dismissed when it is clear from the pleadings that a reasonable consumer would not be deceived as a matter of law. *See, e.g., Freeman v. Time*, 68 F.3d 285, 286 (9th Cir.1995) (dismissing claim under the CLRA because advertisement clearly would not deceive reasonable consumers). For example, this may occur where the advertisement at issue is explicit and unambiguous and, thus, "it is not necessary to evaluate additional evidence regarding whether the advertising [is] deceptive, since the advertisement itself ma[kes] it impossible for the plaintiff to prove that a reasonable consumer [is] likely to be deceived." *See id*. at 289-90; *see also Williams*, 552 F.3d at 939 (explaining the finding in *Freeman* that no reasonable

---

[1] Mot. (doc. no. 7-1) at 10. All page numbers are as assigned by the Electronic Case Filing system.

consumer could possibly be deceived because the conditions of the agreement were explicit). However, this situation is rare — "whether a business practice is deceptive will usually be a question of fact not appropriate for decision" at the pleading stage, and dismissal is not appropriate even when the advertisement, "although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Williams,* 552 F.3d at 938-39.

In arguing that the Warranty is not deceptive as a matter of law, Defendant requests the Court to take judicial notice of three documents Defendant contends constitute the Warranty – a warranty posted on its website, Plaintiff's supposed specific warranty, and Plaintiff's semi-annual inspection slip. (Mot. Exhs. A-B (docs. no. 7-3, 7-4).) These documents are neither attached nor specifically referenced in the complaint.

Generally, the Court cannot consider material outside the complaint when ruling on a Rule 12(b)(6) motion to dismiss. *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011). However, the Court may consider evidence that is unattached to the complaint, but on which the complaint "'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id*. at 999. Even so, the Court "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could be reasonably disputed." *Id*. Indeed, the Court may consider the existence of such documents identified by Defendant; however, the Court may not, based on those documents, draw inferences or recognize the contents of those documents. *Id*. (declining to consider the contents of certain documents because they were open questions subject to "further factual development" and, at minimum, were subject "to reasonable dispute").

Plaintiff's claims are based on the contention that he was deceived because material terms of the Warranty were not disclosed at the time of purchase. (FAC ¶¶13, 14.) It is unclear which, if any, of the exhibits Defendant submitted were presented to Plaintiff at the time of purchase. What representations were made at the time of purchase is a central

5

issue in this case. Defendant's request highlights the factual dispute regarding this issue. Accordingly, Defendant's request for judicial notice of Exhibits A and B is denied. For purposes of Defendant's motion, the Court will consider the sufficiency of Plaintiff's claims based on the allegations in the operative complaint. *See Corinthian Colleges*, 655 F.3d at 999.

Defendant next argues that Plaintiff's allegations lack specificity. The level of specificity at the pleading stage is defined by the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2). It "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks, ellipsis and citation omitted). Although "detailed factual allegations" are not required, they must be sufficient to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks, ellipsis and citation omitted). Generally, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Plaintiff alleges, among other things, that Defendant did not disclose the relevant terms of the Warranty at the time of purchase but made misleading representations instead. (FAC ¶¶ 11-14, 34, 36, 38, 43, 44, 47.) Defendant represented that the Warranty covered repair and replacement of the diamond so long as Plaintiff complied with the semi-annual inspection requirement. (*Id.* at ¶¶26, 37.) Plaintiff relied on Defendant's representations in deciding to purchase the ring. (*Id.* ¶¶ 27, 33, 39, 48, 50.) Defendant did not disclose that, even if the customer complied, if the diamond became loose in its setting, the Warranty would be voided unless the customer immediately paid Defendant to repair the setting. (*Id.* ¶¶ 4, 36-37.) When the setting on Plaintiff's ring became loose, Defendant refused to repair it under the Warranty and refused to sign off on the semi-annual inspection. (*Id.* ¶¶ 29-30.) Plaintiff stated sufficient facts to plausibly allege that

6

Defendant's representations at the time of purchase were likely to mislead a reasonable consumer.

### 2. Remedies Under the FAL and UCL

Defendant argues that Plaintiff has not stated a claim which would entitle him to restitution or injunctive relief under the FAL or UCL. Defendant argues Plaintiff has not stated a claim for injunctive relief because he has not adequately alleged deception. This argument is rejected for the reasons stated above. Defendant further contends that Plaintiff was not damaged because he did not pay any additional money for the Warranty, and therefore is not entitled to restitution. Plaintiff alleges he bought the ring from defendant—over other competitors— because of the Warranty, that he would not have made the purchase without the Warranty, and that he paid a premium for the ring because of the Warranty. (FAC ¶¶ 36, 37, 39; *see also id.* ¶ 10.) Defendant's contention that Plaintiff has not alleged sufficient facts to support a prayer for injunctive relief or restitution is therefore rejected.

### B. <u>Motion to Strike Class Allegations</u>

Alternatively, Defendant moves to strike class action allegations based on the contention that a class action cannot be certified. A preemptive motion to deny class certification—for example, in a motion to dismiss— is permissible, as "[n]othing in the plain language of Rule 23[] either vests plaintiffs with the exclusive right to put the class certification issue before the district court or prohibits a defendant from seeking early resolution of the class certification question." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939, 940, 942-43 (9th Cir. 2009). Indeed, "[d]istrict courts have broad discretion to control the class certification process and whether or not discovery will be permitted . . .." *Id.* at 942 (internal quotation marks, brackets and citation omitted). "Where the necessary factual issues may be resolved without discovery, it is not required." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

However, in most cases, evidence is required to support a motion for class certification, thus necessitating discovery. *See, e.g, Wal-Mart Stores, Inc. v. Dukes*, 564

7

3:18-cv-02727-L-RBB

U.S. 338, 345-46 (2011). "[T]he propriety of a class action cannot be determined in some cases without discovery and . . . the better and more advisable practice . . . is to afford the litigants an opportunity to present evidence as to whether a class certification [is] maintainable." *Vinole,* 571 F.3d at 942 (internal quotation marks and citations omitted). For example, a motion to strike class allegations was properly granted when the "[p]laintiffs were provided with adequate time in which to conduct discovery related to the question of class certification" and "considerably more information was available to the district court when it ruled on the motion to deny certification than just the pleadings." *Id.* 942-43. Indeed, "[t]o deny discovery in [such cases] would be an abuse of discretion." *Kamm*, 509 F.2d at 210.

The pending case is at the pleading stage. No scheduling order has been issued for discovery or class certification purposes. *See* Civ. Loc. R. 16.1.d. Plaintiff therefore has not had an adequate opportunity to conduct formal discovery in support of class certification. Defendant's motion to strike class allegations is denied as premature.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss or, alternatively, strike class action allegations is denied. Defendant shall file an answer, if any, no later than the time set forth in Rule 12(a)(4).

**IT IS SO ORDERED.**

Dated: June 13, 2019

Hon. M. James Lorenz
United States District Judge